This decision was not selected for publication in the New Mexico Appellate Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court and does not include the filing date.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

Plaintiff-Appellant,

**v.**                                                             NO. 33,394

**ANTHONY SAMORA,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
Ross C. Sanchez, District Judge

Gary K. King, Attorney General
Olga Serafimova, Assistant Attorney General
Santa Fe, NM

for Appellant

Michael N. Prinz
Alex Chisholm
Albuquerque, NM

for Appellee

**DISPOSITIONAL ORDER OF AFFIRMANCE**

{1}     This direct appeal having come before the Supreme Court from a Second

Judicial District Court order suppressing evidence, and each member of the Court having studied the briefs, and being otherwise fully informed on the issues and applicable law; and

**{2}** The members of the Court having concurred that there is no reasonable likelihood that a Decision or Opinion would affect the disposition of this appeal or advance the law of the State; and

**{3}** The members of the Court having agreed to invoke the Court's discretion under Rule 12-405(B)(1) NMRA to dispose of a case by order, decision, or memorandum opinion rather than formal opinion;

**IT IS THEREFORE ADJUDGED THAT:**

**{4}** Defendant was on parole from a conviction and sentence for criminal sexual penetration in the second degree. As a condition of Defendant's parole, he was required to attend therapeutic counseling. As part of his court-ordered counseling, Defendant signed a limited "Release of Information Consent" form which allowed his therapist to share normally confidential information about his treatment with the Department of Corrections.

**{5}** During therapy, Defendant allegedly told his therapist that he "had sex with a midget." During a subsequent criminal investigation into whether Defendant had

committed additional sex crimes, the therapist told Defendant's parole officer about this incriminating statement. At the completion of the investigation, Defendant was arrested and indicted on two counts of sexual penetration in the second degree for allegedly having sex with a minor. The State wants to introduce the statement that Defendant "had sex with a midget" as part of its case in chief against Defendant. However, the therapist refuses to testify, claiming a psychiatrist-patient privilege, and the parties have stipulated that the State cannot compel the therapist to testify. The State seeks instead to admit the statement through testimony of the parole officer based on what the therapist allegedly told him. Defendant filed a pretrial motion to prevent the statement from being admitted into evidence.

{6}     After a hearing on Defendant's motion, the District Court issued a written order excluding the statement. The order specified that admitting the statement would violate Defendant's right to confrontation protected by the Sixth Amendment to the United States Constitution. As Defendant is facing a life sentence if convicted, the State filed a direct interlocutory appeal to this Court. *See State v. Smallwood*, 2007-NMSC-005, ¶ 11, 141 N.M. 178, 152 P.3d 821 ("[T]he legislature intended for [the Supreme Court] to have jurisdiction over interlocutory appeals in situations where a defendant may possibly be sentenced to life imprisonment . . . .")

**{7}**     The Confrontation Clause ensures that "[i]n all criminal prosecutions, the accused shall have the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI; *see* N.M. Const. art. II, § 14. "The Confrontation Clause bars out-of-court *testimonial* statements . . . unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness." *State v. Largo*, 2012-NMSC-015, ¶ 9, 278 P.3d 532 (alteration in original). "Statements are testimonial when there is no ongoing emergency and the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *State v. Zamarripa*, 2009-NMSC-001, ¶ 24, 145 N.M. 402, 199 P.3d 846 (internal quotation marks and citation omitted).

**{8}**     The therapist told Defendant's parole officer about the statement during a criminal investigation into potential new charges against Defendant. The purpose of the investigation was to determine if there was probable cause to arrest Defendant for these new crimes. The parole officer was clearly eliciting information from the therapist with an eye towards a future criminal prosecution, making the statement testimonial. *See id.* ¶ 25.

**{9}**     Despite the statement being testimonial, the State asserts that the Confrontation Clause is not implicated. The State argues that since Defendant signed the Release of

4

Information Consent form, he consented to the therapist as his agent. Accordingly, the therapist was acting as Defendant's agent when she disclosed the statement to the parole officer. Because the therapist was acting as Defendant's agent, it was as if Defendant himself was speaking to the parole officer, at least in the eyes of the law. Defendant cannot confront himself, and therefore, the Confrontation Clause is not implicated. *See* Rule 11-801(D)(2)(c) and (d) (statement not hearsay if made by an agent or by a person whom the party authorized to make a statement on the subject).

{10} The Court of Appeals of Arizona used this reasoning in a criminal case involving agents of a corporation. *See State v. Far West Water & Sewer Inc.,* 228 P.3d 909, 931 (Az. App. 2010). Because the State relies on *Far West* in its argument to this Court, we will discuss it here. In that case, the corporate defendant appealed a decision to allow into evidence incriminating admissions made by the company's president and chief operating officer to a criminal investigator. *See id.* at 917. The investigator testified, but not the president. *Far West* argued that allowing the testimony violated the company's right to cross examine the president. *Id.* at 930-31. {11} The Arizona court recognized that a corporation is an artificial entity that can only act through its officers and agents. *Id.* at 931. As the admissions were made by the head of the corporation in his representative capacity, the court found that the admissions were

5

made by the company itself, against itself. Since *Far West* could not confront itself, the Confrontation Clause was not implicated. *Id.* The Arizona court quoted a recent federal case in support of its ruling. *See United States v. Lafferty,* 387 F. Supp. 2d 500, 511 (W.D.Pa. 2005) ("[i]nherent in Justice Scalia's analysis in the *Crawford* opinion was the idea that the right of confrontation exists as to accusations of third parties implicating a criminal defendant, not a criminal defendant implicating [him]self").

{12}     The court in *Far West* recognized the inability of a corporation to act without its officers and agents. *228 P.3d 909, 931.* This is not true of private individuals and their agents.Without indicating one way or another our views of *Far West* in the context of incriminating statements by corporate agents, the case before us is different. The Defendant before us is a private individual who can and does act without agents and certainly without the agency or the therapist in this instance. The State has failed to articulate why this distinction is not significant.  In fact, the State has failed to cite any case where an agency theory for a private individual was applied to circumvent the requirements of the Confrontation Clause. Without authority, we are not persuaded to apply the holding of *Far West* to the different facts and circumstances of this case, especially in light of the gravity of the issue before us, being the sanctity of the

constitutional rights afforded Defendant under the constitution.

{13} The statement at issue is exactly the kind of out-of-court testimonial statement made by someone who is not subject to cross examination that the Sixth Amendment excludes from evidence. Accordingly, introduction into evidence of the parole officer's testimony regarding what the therapist said to him would clearly violate Defendant's protections under the Confrontation Clause unless Defendant were afforded an opportunity to confront the therapist. The district court correctly suppressed the proffered statement from being considered as evidence at trial, an order which we hereby **AFFIRM**.

{14} **IT IS SO ORDERED.**


_____
**PETRA JIMENEZ MAES, Chief Justice**


_____
**RICHARD C. BOSSON, Justice**


_____
**EDWARD L. CHÁVEZ, Justice**

_____

**CHARLES W. DANIELS, Justice**


_____

**BARBARA J. VIGIL, Justice**